Michael D. Gaffney, ISB No. 3558
Beard St. Clair Gaffney PA
2105 Coronado Street
Idaho Falls, Idaho 83404
Tel: (208) 523-5171
Fax: (208) 529-9732
gaffney@beardstclair.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN WEST and MARTHA WEST, husband and wife,<br><br>    Plaintiffs,<br>vs.<br><br>U.S. FOREST SERVICE, and U.S. DEPARTMENT OF AGRICULTURE,<br><br><br><br>    Defendants. | Case No. CV-2015-249<br><br>**VERIFIED COMPLAINT TO QUIET TITLE** |

The plaintiffs, Stephen and Martha West, by and through counsel of record, Michael D. Gaffney of Beard St. Clair Gaffney PA, complain of the defendants, U.S. Forest Service and U.S. Department of Agriculture as follows.

## PARTIES

1. The plaintiffs, Stephen and Martha West, own real property that is the subject of this action ("the property" or "property") wholly located in Caribou County, Idaho and reside in the State of Utah.

VERIFIED COMPLAINT TO QUIET TITLE - 1

2. The defendant, United States Forest Service ("USFS" or "United States"), is an agency or instrumentality of the United States, under the U.S. Department of Agriculture, and is statutorily charged with managing the Caribou National forest at issue in this action..

3. The defendant, United States Department of Agriculture (DOA), is an executive department of the United States government. The Department has overall responsibility for ensuring that the agencies within it, including the United States Forest Service, follow all requirements of applicable laws and regulations.

## JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 2409a.

## FACTUAL ALLEGATIONS

5. The plaintiffs, Stephen and Martha West, reside in Salt Lake City, Utah and own real property in Caribou County, Idaho, described more fully in the Warranty Deed, Instrument No. 150777 recorded in Caribou County, Idaho on September 13, 1995 and attached as Exhibit A and incorporated herein.

6. The property was patented to William Messenger by the United States on October 11, 1922 and recorded as Patent No. 882829 and attached as Exhibit B and incorporated herein.

7. William and Anna Maude Messinger conveyed the property by Warranty Deed, Instrument No. 16353, and dated April 16, 1937 to Albin Lindstrom, which deed was recorded in Caribou County, Idaho and is attached as Exhibit C and incorporated herein.

8. Albin and Helen Lindstrom conveyed the property by Warranty Deed to the plaintiffs, which was recorded on September 13, 1995 as Instrument No. 150777 and is attached as Exhibit A.

9. The property conveyed to the plaintiffs is particularly described as follows:

Township 5 South, Range 44 East of the Boise Meridian:

Section 5: W1/2NW1/4SE1/4, SW1/4SE1/4, S1/4SE1/4SW1/4, S1/2N1/2SE1/4SW1/4, SE1/4SE1/4SW1/4SW1/4.
Section 8: E1/2NE1/4NW1/4NW1/4, NE1/4SE1/4NW1/4NW1/4NW1/4, N1/2NE1/4NW1/4, N1/2S1/2NE1/4NW1/4, N1/2NW1/4NE1/4, N1/2S1/2NW1/4NE1/4.

10. The property comprising 160 acres consists of an irregular parcel of land abutting USFS land on three sides in the Caribou National Forest.

11. The southern, western and northern boundaries of the property follow a boundary fence described and shown on a survey of the property completed by the plaintiffs on December 5, 2007 and recorded on January 31, 2011. The area enclosed by the boundary fence running to the plaintiffs' titled property comprises 41.37 acres (the "Disputed Parcel" or "Parcel") and has been continually, and without interruption, used and described as part of the Messenger patent. Exhibit C is attached and incorporated herein. All subsequent owners of the property and the USFS have acted consistent with ownership of the 41.37 acres by Messinger and his successors in title and in fact have treated the boundary fence as the boundary to the property.

12. From north to south, the 41.37 acres have been surveyed and designated, in part as:

Section 5: E1/2SW1/4
Section 5: SW1/4W1/4
Section 8: NW1/2NW1/4

There is also a de minimus 0.22 acre comprising small parcels of Sections 6 and 7.

13. Since the property was patented in 1922 until the present dispute, to the plaintiffs' knowledge, there has never been any claim by the USFS, DOA or any other federal agency that use of the Disputed Parcel is inconsistent with the plaintiffs' ownership of said Parcel.

14. The plaintiffs now seek to quiet title in the Disputed Parcel.

## COUNT ONE: QUIET TITLE: BOUNDARY BY ACQUIESCENCE

15. The plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if set forth in full herein.

16. Based upon the allegations contained in this Complaint, the Court should quiet title in the Disputed Parcel to the plaintiffs as against any interest of the defendants, or anyone claiming, by, through or under them including, but not limited to, heirs, devisees, assignees and/or transferees of any kind.

17. The basis for this claim is as follows:

   A. The plaintiffs and their predecessors in interest have continually and without interruption used the Disputed Parcel, as demarcated by the boundary fence, in reliance upon the boundary fence constituting the southern, western and northwestern boundaries of their property;

   B. The plaintiffs, at considerable expense have improved their property, including, but not limited to, constructed roads, utilities, infrastructure and a residence, said development and construction costing approximately $500,000.00.

   C. The plaintiffs, without interruption for seventeen years, have used the Disputed Parcel, in part, for a buffer between their residence and USFS land; have used the Disputed Parcel, as demarcated by the boundary fence, for grazing, recreation and quiet enjoyment with the acquiescence of the United States, said acquiescence constituting a boundary by agreement.

18. There is no jointly accepted completed survey establishing that the Disputed Parcel, in fact, comprises USFS land and the boundary fence evidences a de facto boundary or, at

minimum, an uncertainty as to the true property boundary line between the plaintiffs' property and the USFS land.

19. That there is an implied agreement that the boundary fence constitutes the plaintiffs' true boundary line as evidenced by the United State's acceptance and acquiescence of the boundary fence as the boundary thereto.

20. That the United States has accepted and acquiesced in the boundary fence demarcating the plaintiffs' southern, western and northern boundary lines for a period of no less than seventeen years of Plaintiffs' possession and for no less than 73 additional years vis a vis the plaintiffs' predecessors in interest.

21. That it is uncontroverted that the plaintiffs and their predecessors and the United States:

A. Implicitly agreed to the boundary fence as the boundary between the plaintiffs' property and USFS property and

B. Over the course of no less than 90 years the conduct of the parties has been consistent with the boundary fence constituting the boundary between the plaintiffs' property and the USFS property.

22. That the boundary fence demarcating the boundary of the plaintiffs' property has existed for so long, without objection and with acquiescence, that there is a implied boundary by agreement and/or acquiescence between the parties that the boundary fence now marks the legal boundary between the parties' property.

23. That the plaintiffs are entitled to a judgment of quiet title in the Disputed Parcel under the doctrine of boundary by agreement and/or acquiescence.

24. The plaintiffs have been required to retain Beard St. Clair Gaffney PA in order to protect their rights. Pursuant to 28 U.S.C. § 2412 et seq., and all other applicable authorities, the plaintiffs should be awarded their reasonable costs and attorney fees incurred in this action.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray for the following relief.

1. That the Court quiet title and/or declare the plaintiffs' rights as to the Disputed Parcel as fully described in Paragraph 12, *supra*;

2. That the plaintiffs be awarded their attorney fees and costs; and

3. Granting any other relief the Court deems just and equitable in this matter.

Date: July 1, 2015

_____
Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorney for Plaintiffs

## VERIFICATION

State of Utah )
) ss
County of Salt Lake )

Stephen West, being first sworn, upon oath, deposes and says that he is the plaintiff identified in this document; that he has read the above and foregoing petition and knows the contents thereof; and that he believes the facts therein stated to be true, to the best of his knowledge and belief.

*Stephen West*
Stephen West

Subscribed and sworn to before me on this 30th day of June, 2015.

*Mary Elizabeth Cunningham*
Notary Public for Utah
Residing at: Salt Lake City, Utah
My commission expires: 13 August 2015

(SEAL)



Mary Elizabeth Cunningham
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 08/13/2015
Commission # 611897

VERIFIED COMPLAINT TO QUIET TITLE - 7

[illegible return address block:]
Stephen A. West
[...] Ramsey Road
Suite 105
San Antonio, TX 78216

355777

I hereby certify that this instrument was filed at the request
of Caribou Title
at 4:45 o'clock P m this 13th day of
September, 19 95 in my office and duly
recorded in Microfilm Records _____
Recorder: Edie Izatt
_____
Ex officio Recorder         Deputy

## WARRANTY DEED

THIS INDENTURE, Made this 6th day of September, 1995, between **ALBIN LINDSTROM, JR. aka ALBIN MALCOLM LINDSTROM**, and **HELEN E. LINDSTROM**, husband and wife, of Wayan, Caribou County, Idaho, hereinafter called First Party, and **STEPHEN A. WEST AND MARTHA S. WEST**, husband and wife, of San Antonio, Texas, hereinafter called Second Party:

WITNESSETH: That the said First Party, for and in consideration of the sum of TWO HUNDRED FIFTY-FIVE THOUSAND DOLLARS, lawful money of the United States of America, to said First Party in hand paid by the said Second Party, the receipt of which is hereby acknowledged, does by these presents, Grant, Bargain, Sell and Convey and Confirm unto said Second Party, and to said Second Party's heirs and assigns forever: All that certain lot, piece or parcel of land situate, lying and being in the County of Caribou, State of Idaho, more particularly described as follows, to-wit:

Township 5 South, Range 44 East of the Boise Meridian:

Section 5: W½NW¼SE¼, SW¼SE¼, S½SE¼SW¼, S½N½SE¼SW¼, SE¼SE¼SW¼SW¼.
Section 8: E½NE¼NW¼NW¼, NE¼SE¼NW¼NW¼, N½NE¼NW¼, N½S½NE¼NW¼, N½NW¼NE¼, N½S½NW¼NE¼.

SUBJECT to all easements, rights of way, and public roads or highways adjoining or crossing said property, and further subject to retention or reservation of mineral, oil and gas rights by prior owners of said real property or by the United States of America or the State of Idaho.

TOGETHER with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the rents, issues and profits thereof.

TO HAVE AND TO HOLD, all and singular, the said premises, together with the appurtenances and privileges thereunto incident unto the said Second Party, and to their heirs and assigns forever, and the said First Party shall and will warrant and by these presents forever defend.

EXHIBIT A

150777

IN WITNESS WHEREOF, The said First Party has hereunto set their hands and seals, the day and year first above written.

_____
ALBIN LINDSTROM, JR.

_____
HELEN E. LINDSTROM.

STATE OF IDAHO   )
                 : ss.
County of Caribou )

On this 13th day of September, 1995, before me the undersigned, a Notary Public in and for said County and State, personally appeared HELEN E LINDSTROM, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year in this certificate first above written.

_____
NOTARY PUBLIC for the State of Idaho
Residing at: Soda Springs, Idaho
Commission expires: 8/15/97

STATE OF IDAHO   )
                 : ss.
County of Caribou )

On this 13th day of September, 1995, before me the undersigned, a Notary Public in and for said County and State, personally appeared RICK D. LINDSTROM, known to me to be the person whose name is subscribed to the within instrument as the attorney in fact of ALBIN LINDSTROM, and acknowledged to me that he subscribed the name of Albin Lindstrom thereto as principal and his own name as attorney in fact.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year in this certificate first above written.

_____
NOTARY PUBLIC for the State of Idaho
Residing at: Soda Springs, Idaho
Commission expires: 8/15/97

Blackfoot 028589

4—1008-R.

# The United States of America,

To all to whom these presents shall come, Greeting.

WHEREAS, a Certificate of the Register of the Land Office at Blackfoot, Idaho,

has been deposited in the General Land Office, whereby it appears that, pursuant to the Act of Congress of May 20, 1862, "To Secure Homesteads to Actual Settlers on the Public Domain," and the acts supplemental thereto, the claim of

William Messenger

has been established and duly consummated, in conformity to law, for the west half of the northwest quarter of the southeast quarter, the southwest quarter of the southeast quarter, the south half of the southeast quarter of the southwest quarter, the south half of the north half of the southeast quarter of the southwest quarter and the northeast quarter of the southeast quarter of the southwest quarter of the southwest quarter of Section five and the east half of the northeast quarter of the northwest quarter of the northwest quarter, the northeast quarter of the southeast quarter of the northwest quarter of the northwest quarter, the north half of the northeast quarter of the northwest quarter, the north half of the south half of the northeast quarter of the northwest quarter, the north half of the northwest quarter of the northeast quarter, and the north half of the south half of the northwest quarter of the northeast quarter of Section eight in Township five south of Range forty-four east of the Boise Meridian, Idaho, containing one hundred sixty acres,

according to the Official Plat of the Survey of the said Lands, returned to the GENERAL LAND OFFICE by the Surveyor-General;

NOW KNOW YE, That there is, therefore, granted by the UNITED STATES unto the said claimant the tract of Land above described; TO HAVE AND TO HOLD the said tract of Land, with the appurtenances thereof, unto the said claimant and to the heirs and assigns of the said claimant forever; subject to any vested and accrued water rights for mining, agricultural, manufacturing, or other purposes, and rights to ditches and reservoirs used in connection with such water rights, as may be recognized and acknowledged by the local customs, laws, and decisions of courts; and there is reserved from the lands hereby granted a right of way thereon for ditches or canals constructed by the authority of the United States. Excepting, however, from this conveyance that certain telephone line and all appurtenances thereto, constructed by the United States through, over, or upon the land herein described, and the right of the United States, its officers, agents, or employees to maintain, operate, repair, or improve the same so long as needed or used for or by the United States.

IN TESTIMONY WHEREOF, I, Warren G. Harding,

President of the United States of America, have caused these letters to be made Patent, and the seal of the General Land Office to be hereunto affixed.

GIVEN under my hand, at the City of Washington, the ELEVENTH

(SEAL.) day of OCTOBER in the year of our Lord one thousand nine hundred and TWENTY-TWO and of the Independence of the United States the one hundred and FORTY-SEVENTH.

By the President: Warren G Harding

By Viola S. Pugh, Secretary.

M. P. LeRoy
Recorder of the General Land Office.

RECORD OF PATENTS: Patent Number 882829

**EXHIBIT B**

Caribou County

CARIBOU COUNTY, IDAHO                                479

PATENT

No. 5655 P

Blackfoot 028689           4-1003              Oct. 18, 1922

THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME GREETING:

WHEREAS, a Certificate of the Register of the Land Office at Blackfoot, Idaho, has been deposited in the General Land Office, whereby it appear that, pursuant to the Act of Congress of May 20, 1862, "To secure Homesteads to Actual Settlers on the Public Domain", and the acts supplemental thereto, the claim of William Messenger has been established and duly consummated, in conformity to law, for the west half of the northwest quarter of the southeast quarter, the southwest quarter of the south east quarter, the south half of the southeast quarter of the southwest quarter, the south half of the north half of the southeast quarter of the southwest quarter and the southeast quarter of the southeast quarter of the southwest quarter of the southwest quarter of section five and the east half of the northeast quarter of the northwest quarter of the northwest quarter, the northeast quarter of the southeast quarter of the northwest quarter of the northwest quarter, the north half of the northeast quarter of the northwest quarter the north half of the south half of the northeast quarter of the northwest quarter, the north half of the northwest quarter of the northeast quarter and the north half of the south half of the northwest quarter of the northeast quarter of section eight in Township five south of Range forty-four east of the Boise Meridian, Idaho, containing one hundred sixty acres, according to the Official Plat of the Survey of the said Land, returned to the General Land Office by the Surveyor-General;

NOW KNOW YE, That there is, therefore, granted, by the UNITED STATES unto the said claimant the tract of land above described:

TO HAVE AND TO HOLD the said tract of land, with the appurtenances thereof, unto the said claimant and to the heirs and assigns of the said claimant forever; subject to any vested and accrued water rights for mining, agricultural, manufacturing or other purposes, and rights to ditches and reservoirs used in connection with such water rights, as may be recognized and acknowledged by the local customs, laws, and decisions of courts; and there is reserved from the lands hereby granted a right of way thereon for ditches or canals constructed by the authority of the United States. Excepting, however, from this conveyance that certain telephone line and all appurtenances thereto, constructed by the United States through, over, or upon the land herein described, and the right of the United States, its officers, agents, or employees to maintain, operate, repair or improve the same as long as needed or used for or by the United States.

IN TESTIMONY WHEREOF, I Warren G. Harding, President of the United States of America, have caused these letters to be made Patent, and the seal of the General Land Office to be hereunto affixed. Given under my hand, at the City of Washington, the eleventh day of October, in the year of our Lord one thousand nine hundred and twenty two and of the Independence of the United States the one hundred and forty seventh.

(SEAL)

By the President: Warren G. Harding,

By Viola S. Pugh, Secretary

M. P. Le Roy, Recorder of the General Land Office

Recorded: Patent Number 802829

## WARRANTY DEED

THIS INDENTURE, Made the 16th day of April, 1937 between William Messenger 7711 So. Broadway, Los Angeles, Cal., the party of the first part, and Alvin Lindstrom, Gray, Idaho, R F D, the party of the second part.

WITNESSETH: That the said party of the first part, for and in consideration of the sum of Five Hundred & no/100 Dollars, lawful money of the United States of America, to him in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, does by these presents, grant, bargain, sell, convey and confirm, unto the said party of the second part, and to his heirs and assigns forever, all that certain parcel of land situate, lying and being in the Soda Springs District, County of Caribou, and State of Idaho, and bounded and particularly described as follows, to-wit:

West half of the north west quarter of the south east quarter, the southwest quarter of the southeast quarter, the south half of the south east quarter of the southwest quarter, the south half of the north half of the southeast quarter of the southwest quarter and the southeast quarter of the southwest quarter of the southwest quarter /southeast quarter of the southwest quarter/ of Section Five and the east half of the northeast quarter of the northwest quarter of the northwest quarter, the northeast quarter of the southeast quarter of the northwest quarter of the northwest quarter, the north half of the northeast quarter of the north west quarter, the north half of the south half of the north east quarter of the north west quarter, the north half of the northwest quarter of the north east quarter & the north half of the south half of the northwest quarter of the northeast quarter of Section Eight in Township Five South of Range Forty Four East of the Boise Meridian, Idaho, containing One hundred & Sixty acres,

Excepting, however from this conveyance that certain Telephone Line And all appurtenances thereto, constructed by the United States through, over, or upon the land herein described, and the right of the United States, its officers, agents, or employes to maintain, operate, repair, or improve the same as long as needed or used for or by the United States. Also known as (U.S. Recorded Patent number 882839) Blackfoot #028589.

TOGETHER with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD, the same to the said Alvin Lindstrom his heirs and assigns forever; and the said first party does hereby covenant with the said Alvin Lindstrom and his legal representatives, that the said real estate is free from all encumbrances; that they have good right and lawful authority to sell the same to the said Alvin Lindstrom; and that they will, and their heirs, executors and administrators shall WARRANT and DEFEND the title to said premises against the just and lawful claims and demands of all persons whomsoever.

IN WITNESS WHEREOF, the said party of the first part has hereunto set his hand and seal the day and year first above written.

```
                                                William Messenger
                                                Anna Maude Messenger
           I.R.Stamps 50¢
           Affixed and cancelled
              9/3/38.
STATE OF CALIFORNIA )
                    :SS
COUNTY OF LOS ANGELES )
```

ON THIS 16 day of April, A. D., 1937, before me, the undersigned, a Notary Public in and for said County and State, personally appeared William Messenger & Anna Maude Messenger, known to me, (or proved to me on the oath of Jean Comstock), to be the persons whose names are subscribed to the within Instrument, and acknowledged to me that they executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

```
                                                William T. Fisher
         ( SEAL )                               Notary Public in and for said County and State
                                                My Commission Expires December 18, 1938.
```

EXHIBIT C